IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE STATE LIFE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | Case No. 4:19-cv-02127 |
| v. | § § | |
| PATRICIA CARNEY, DONNA TUPPER, AND LINDA TUPPER-TRIMM, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S COMPLAINT IN INTERPLEADER**

Plaintiff The State Life Insurance Company respectfully submits its Complaint in Interpleader against Defendants Patricia Carney, Donna Tupper, and Linda Tupper-Trim as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1.   Plaintiff The State Life Insurance Company is an Indiana insurance company authorized to transact the business of insurance in Texas. State Life is a corporation organized under the laws of Indiana, and its principal place of business is located in Indianapolis, Indiana. State Life is a citizen of Indiana within the meaning and intent of 28 U.S.C. § 1332.

2.   Defendant Patricia Carney is an individual citizen domiciled in Syracuse, New York. Ms. Carney may be served with process at her place of residence, located at 807 Court Street, First Floor, Syracuse, New York 13208. This defendant is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

3.   Defendant Donna Tupper is an individual citizen domiciled in Round Rock, Texas. Ms. Tupper may be served with process at her place of residence, located at 3742

Hermann Street, Round Rock, Texas 78681. This defendant is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

4. Defendant Linda Tupper-Trimm is an individual citizen domiciled in Conroe, Texas. Ms. Tupper-Trimm may be served with process at her place of residence, located at 13306 Stonecrest Lane, Conroe, Texas 77302. This defendant is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

5. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because there is diversity among the parties in that State Life and Defendants are citizens of different states (as alleged above), and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs. In addition, this court has jurisdiction over all the parties pursuant to 28 U.S.C. § 1335, as (1) the plaintiff has custody of disputed property valued at more than $500; (2) the plaintiff has deposited or will promptly the disputed property into the registry of the Court(or will promptly upon leave or court); and (3) there are two or more adverse claimants of diverse citizenship who may claim an interest in the disputed property. 28 U.S.C. § 1335(a). This Court has personal jurisdiction over all of the Defendants pursuant to 28 U.S.C. § 2361, which provides that in any civil action of interpleader or in the nature of interpleader brought pursuant to 28 U.S.C. § 1335, a district court may issue process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding affecting the property.

6. Venue is proper in this Court because at least one Defendant resides in the territorial limits of the Southern District of Texas. 28 U.S.C. § 1391.

## II.     CAUSE OF ACTION IN INTERPLEADER

7.     State Life is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the proceeds of an annuity.

8.     State Life is, and during all relevant times has been, in the business of issuing annuities and is authorized to transact the business of insurance in the State of Texas.

9.     On or about June 18, 2008, Roger Tupper (the "Annuitant") applied to State Life for a $100,000 annuity. In response to the application, State Life issued Annuity No. 5820233580 (the "Annuity"). Roger Tupper was listed as the Annuity's owner. Donna Tupper, the Annuitant's ex-wife, was listed as the Primary Beneficiary in accordance with the application. Per the Annuity's terms, upon Mr. Tupper's death and satisfaction of certain conditions set forth in the Annuity, the Annuity's Death Proceeds, as defined in the Annuity, would be paid to the Annuity's Beneficiary.

10.    On or about November 30, 2016, the Annuitant submitted a Change of Beneficiary form, changing the Primary Beneficiary to Patricia Carney. State Life approved the beneficiary change.

11.    Thereafter, on or about April 10, 2019, State Life received a Change of Beneficiary form purportedly signed by the Annuitant, requesting that the beneficiary be changed from Ms. Carney to Donna Tupper and Linda Tupper-Trim, the Annuitant's sister. State Life approved the beneficiary change and notified the Annuitant of said approval by way of a letter dated April 17, 2019.

12.    Unfortunately, unbeknownst to State Life, the Annuitant passed away on April 11, 2019.

13. As a result of the Annuitant's death, under the Annuity's express terms, State Life is to pay the Annuity's designated beneficiary or beneficiaries the Annuity's Death Proceeds, which currently exceed $100,000.00.

14. Patricia Carney submitted a Deferred Annuity Death Claim form to State Life dated April 17, 2019 asserting an interest in the entire Death Proceeds.

15. Linda Tupper-Trim submitted a Deferred Annuity Death Claim form to State Life dated May 8, 2019 asserting an interest in half the Death Proceeds.

16. Donna Tupper has also submitted a Deferred Annuity Death Claim to State Life asserting an interest in half the Death Proceeds.

17. By way of letter dated May 22, 2019, State Life received correspondence from an attorney representing Patricia Carney characterizing the April 10, 2019 Change of Beneficiary form as "highly suspect and quite potentially fraudulent."

18. The claim of Patricia Carney is competing for the sum funds with the claims of Ms. Tupper and Ms. Tupper-Trimm.

19. For the reasons set forth above, State Life is in the position of an innocent stakeholder. It does not dispute that the Annuity's Death Proceeds are payable, but it is unable to determine which Defendant or Defendants are entitled to said Proceeds. State Life neither has, nor claims, any interest in the death benefits, which State Life at all times has been willing to deliver to the person or persons entitled to possession.

20. State Life has in no way colluded with any of the parties named herein concerning the matters of this cause. State Life has not been, nor will it be, indemnified in any manner by any other party. State Life has filed this action of its own free will to avoid multiple liability, violation of Texas law, and unnecessary suits and costs.

21. State Life unconditionally offers to, and is ready to deposit with the Court, the entire amount of the Annuity's Death Proceeds.

22. State Life has not unreasonably delayed the filing of this request for interpleader.

23. State Life further alleges it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings. State Life is an innocent, disinterested stakeholder which has brought this counterclaim in good faith and has reasonable doubts as to the party or parties entitled to the proceeds of the Annuity.

24. ReliaStar is entitled to interpleader relief pursuant to FED. R. CIV. P. 22.

### III.   CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, on the basis of the foregoing, Plaintiff respectfully request judgment against Defendants as follows:

(a) an order interpleading all claims to the Annuity's Death Proceeds, which State Life has unconditionally tendered to the Court;

(b) injunctive relief restraining Defendants from instituting or maintaining any additional actions against State Life for recovery of the Annuity's Death Proceeds;

(c) an order awarding State Life its expenses, costs, and attorney's fees incurred in connection with this action;

(d) and such other and further relief to which State Life may be justly entitled.

Date: June 12, 2019                                    Respectfully submitted,

                                                       MCDOWELL HETHERINGTON LLP


                                                       By: /s/ *Jason A. Richardson*
                                                           David T. McDowell
                                                           Texas Bar No. 24007359
                                                           S.D. Tex. No. 18464
                                                           Jason A. Richardson
                                                           Tex. Bar No. 24056206
                                                           S.D. Tex. No. 827917
                                                       1001 Fannin, Suite 2700
                                                       Houston, Texas 77002
                                                       Telephone:  713-337-5580
                                                       Facsimile:   713-337-8850
                                                       david.mcdowell@mhllp.com
                                                       jason.richardson@mhllp.com
                                                       **ATTORNEYS FOR PLAINTIFF THE STATE LIFE INSURANCE COMPANY**